IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TEDDY LEON-AYALA, <br> # 07202-069, <br><br> Petitioner, <br><br> vs. <br><br> JOHN J. LAMANNA, WARDEN, <br> FCI EDGEFIELD, <br><br> Respondent. | Civil Action No. 3:04-22888-TLW-JRM <br><br><br><br><br><br><br> **REPORT AND RECOMMENDATION** |

Petitioner, Teddy Leon-Ayala, filed this 28 U.S.C. § 2241 action on November 10, 2004.[1] He is an inmate at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield"). Respondent is John J. Lamanna, the Warden of FCI-Edgefield. Respondent filed a motion to dismiss, or in the alternative for summary judgment[2] on January 24, 2005. Petitioner, because he is proceeding pro se, was advised on January 26, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Respondent's motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(e) and (f), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

[2] As matters outside the pleadings have been considered, the undersigned has treated this as a motion for summary judgment.

his petition. On February 28, 2005, Petitioner filed a response to Respondent's motion for summary judgment.[3]

## DISCUSSION

Petitioner challenges a disciplinary action taken against him while he was an inmate at FCI-Marianna (Florida). He seeks to have his disciplinary action rescinded with restoration of twenty-one days of good conduct time and expungement of the action from his "custody classification." Complaint, at 7. Petitioner alleges that the disciplinary action violated his due process rights under the Fifth and Fourteenth Amendments. He also appears to challenge his subsequent transfer to FCI-Edgefield. Respondent argues that the motion for summary judgment should be granted because: (1) Petitioner has not exhausted his administrative remedies as to his transfer claims;[4] (2) his due process rights were protected; (3) the evidence in the prison disciplinary proceeding was sufficient, (4) the Fourteenth Amendment is inapplicable to the federal government; and (5) a prisoner has no constitutional right to be housed in any particular prison.

On November 2, 2003, an inmate-on-inmate assault occurred at FCI-Mariana, where Petitioner was housed. An investigation was conducted by the Special Investigative Services ("SIS") Office at FCI Marianna. Investigators determined that Petitioner was part of a six-inmate group which reportedly worked together to "mentally, emotionally, and physically torment inmates they believed had cooperated with law enforcement." Respondent's Ex. 3 (Incident Report).

---

[3]Discovery is allowed in habeas cases at the discretion of the court on a showing of good cause (Habeas Rule 6). Petitioner has not shown good cause in this instance.

[4]Respondent concedes that Petitioner has exhausted his administrative remedies with respect to the challenge of the disciplinary action itself. Respondent's Motion for Summary Judgment, at 4.

Inmates believed to have cooperated with law enforcement were allegedly threatened with bodily harm if they did not pay for "protection" with commissary items. Petitioner was advised through an interpreter of his rights in connection with the disciplinary process. An investigation was conducted. Petitioner stated that the incident report was "not true" and did not request any witnesses. The investigator determined there was sufficient evidence to process the report and directed that Petitioner be placed in the Special Housing Unit ("SHU") pending a hearing. Respondent's Ex. 3.

The Unit Discipline Committee ("UDC") conducted an initial hearing into the charge on December 4, 2003. Petitioner claimed that the report was not true and stated he received money every month from family and did not need any money. The UDC determined the charge should be referred to the Disciplinary Hearing Officer ("DHO") for disposition. Respondent's Ex. 3.

On December 2, 2003, Petitioner received an incident report charging him with violation of Disciplinary Code 204, "Extortion." Respondent's Ex. 3. Prior to the hearing, Petitioner was advised of and acknowledged his rights before the DHO including the right to be present, make a statement, provide documentary evidence, and have assistance of a staff representative. Respondent's Ex. 4 ("Inmate Rights at Disciplinary Hearing"). He was also provided the opportunity to request a staff representative and witnesses, but declined to exercise either option. Respondent's Ex. 5 ("Notice of Hearing before the DHO").

Petitioner appeared before the DHO on December 15, 2003. Respondent's Ex. 6 (DHO Report). He was provided with an interpreter. Petitioner made the following statement:

> I ONLY TALKED TO THE VICTIM TWICE, BUT I HAVE BEEN AROUND SOTOLONGO FOR NEARLY FIVE YEARS. I COULDN'T DO ANY OF THIS FOR SOME TIME BECAUSE THE GUYS HAVE

3

> NOT HAD THEIR PSI'S [presentence investigative reports] IN HERE FOR SOME TIME. WE COULD NOT HAVE DONE THIS BECAUSE OF THIS FACT. ALL OF THE IDENTIFICATION BY WITNESSES IS A LIE. I STAY BY MYSELF. I HANG OUT WITH THE HERNANDEZ BOYS BUT ONLY KNOW THE REST IN PASSING. IT'S ALL A LIE. I ONLY HANG OUT WITH SOME OF THE GUYS. I DO NOT KNOW WHY THEY LIED, I ONLY KNOW THEY ARE ALL LYING.

Respondent's Ex. 6 (DHO's Report). Petitioner did not call any witnesses and did not present any documents to support his defense. Id.

After the hearing, the DHO determined that Petitioner was guilty of the charge. The DHO wrote that he based his decision:

> ON THE FACTS PRESENTED IN THE BODY OF THE WRITTEN REPORT. THESE FACTS STATE ON DECEMBER 2, 2003, AT APPROXIMATELY 8:00 AM, AN SIS INVESTIGATION WAS COMPLETED CONCERNING AN ASSAULT WHICH TOOK PLACE ON NOVEMBER 2, 2003 AT APPROXIMATELY 8:15 PM. DURING THE COURSE OF THIS INVESTIGATION IT WAS FOUND INMATE LEON AYALA, 07202-069 IS A MEMBER OF A 6 INMATE GROUP WHICH FORMED TOGETHER TO MENTALLY, EMOTIONALLY AND PHYSICALLY TORMENT INMATES THEY BELIEVED HAD COOPERATED WITH LAW ENFORCEMENT. THIS INVESTIGATION REVEALED INMATES WERE ASKED TO REVEAL THEIR PSI AND IF THEY REFUSED THEY WERE THREATENED WITH BODILY HARM AND AT TIMES ASSAULTED. IT WAS FURTHER REVEALED THAT 1 MEMBER OF THE GROUP WOULD COLLECT COMMISSARY [items] FROM INMATES IN EXCHANGE FOR PROTECTING FROM THEMSELVES. SEE SIS REPORT.
>
> DURING ALL PHASES OF THIS DISCIPLINARY ACTION YOU HAVE DENIED THE CHARGES. THE STATEMENT PROVIDED TO THE DHO WAS PRIMARILY CONCERNED WITH PROVING YOU ARE A LONER, AND THAT YOU HAVE NO TANGIBLE CONNECTION TO THIS EXTORTION RING. THIS INFORMATION DID NOT EVEN SURVIVE THE HEARING, AND WAS DETERMINED BY THE DHO TO NOT BE CREDIBLE. YOU ADMIT TO BEING AROUND, OR SOCIALLY ACQUAINTED WITH SEVERAL OF THE PRIMARY PERSONALITIES IN THIS GROUP.

> YOU WERE AWARE OF NUMEROUS FACETS OF THE INVESTIGATION RELATED TO THE PSI'S AND THE METHODOLOGY OF THE GROUP, AND THESE FACTS ARE PARTICULARLY NEGATIVE FOR YOUR DEFENSE. THE DHO FINDS THE INCIDENT REPORT IS CREDIBLE AND SUPPORTED BY SOME FACTS.

Id. Petitioner was punished with thirty days in disciplinary segregation, disallowance of twenty-one days of good-conduct time, and a recommendation for a disciplinary transfer. Id. He was provided with a copy of the DHO's report on January 13, 2004. Petition, Ex. A.

    1.    Due Process Claim

Petitioner alleges that his Fifth and Fourteenth Amendment[5] rights were violated as to his disciplinary hearing. Respondent argues that Petitioner's constitutional rights were not violated because Petitioner received all process due under the standards established in Wolff v. McDonnell, 418 U.S. 539 (1974) and Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445 (1985).

A prisoner is entitled to only a minimal standard of due process in the prison disciplinary setting. The following requirements are sufficient to satisfy this minimal standard of due process:

    1.    Advance written notice of the charges;

---

[5]The Fourteenth Amendment applies to state actions and not federal actions. U.S. Const. Amend. XIV, § 1; see also Russo v. Glassner, 279 F. Supp.2d. 136, 142 (D.Conn. 2003); Merritt v. Shuttle, Inc., 13 F.Supp.2d 371, 382 n. 7 (E.D.N.Y. 1998). On its face, the Fourteenth Amendment applies only to state actors, not the federal government. See Newsome v. E.E.O.C., 301 F.3d 227, 232 (5th Cir. 2002)(Fourteenth Amendment "applies only to state actors"); Kerr v. City of West Paul Beach, 875 F.2d 1546, 1548 n. 4 (11th Cir. 1989)(Fourteenth Amendment applies only to state and municipal actors); Newsom v. Vanderbilt Univ., 653 F.2d 1100, 1113 (6th Cir. 1981)(same). Petitioner does not allege action taken under anything other than federal law. Thus, any claims under the Fourteenth Amendment should be dismissed. See Wolff v. Hood, 242 F. Supp. 2d 811, 818 n. 4 (D.Or. 2002).

> 2. A written statement by the committee, citing the evidence on which they relied and the reasons for the action taken; and
>
> 3. The right by the inmate/defendant to call witnesses and present documentary evidence, if institutional safety will not be jeopardized.

Wolff v. McDonnell, 418 U.S. 539, 563-576 (1974).

Petitioner received advance written notice of the charges and the right to call witnesses and present documentary evidence. He also was given a chance to have a staff representative and to call witnesses, but declined to do so. Respondent's Exs. 3-6.

Petitioner contends that his constitutional rights were violated because there was insufficient evidence to support his conviction. Respondent argues that due process is satisfied because there is at least "some evidence" to show that Petitioner committed the offense.

Due process in prison discipline decisions is satisfied if there is "some" evidence to show that the inmate committed the offense. Hill, 472 U.S. at 455. The "some evidence" standard is a lenient one, requiring no more than a "modicum of evidence," and is met if there is any evidence in the record that could support the board's decision. Id. at 455-56. This standard does not require an examination of the entire record, or a reweighing of the credibility of witnesses and other evidence. Id.; see also Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990).

Petitioner has not shown that his due process rights were violated. He was given a written statement by the DHO which cited the evidence on which the DHO relied and the reasons for the conviction and disciplinary actions taken. Petitioner's disciplinary conviction is supported by "some evidence." The DHO relied on "some evidence" including the SIS investigation and his

6

determination that Petitioner's statements revealed he was aware of "numerous facets of the investigation" and the methodology of the alleged extortion ring.

In his memorandum in opposition to summary judgment, Petitioner, citing McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999), argues that a more stringent evidentiary standard is needed to support a finding of guilt in this case. The court in McPherson, however, noted that the procedural due process required that the decision of a prison disciplinary board be supported by "some evidence" which was satisfied in that action by a correctional officer's report concerning the incident. McPherson, 188 F.3d at 786.[6] Petitioner also argues that his conviction is not supported because the extortion victim should have been called as a witness. As noted above, however, Petitioner was given the opportunity to call witnesses but declined to do so.

2. Transfer/Prison Placement/Administrative Segregation

Petitioner also appears to allege that his constitutional rights were violated by his placement in administrative segregation (SHU) for thirty days and/or his transfer to FCI-Edgefield. Respondent argues that Petitioner does not have a constitutional right to be housed at any particular facility and he has failed to exhaust his administrative remedies as to any transfer claim.

---

[6] In his petition, Petitioner incorrectly attempts to apply a criminal conviction standard to his disciplinary hearing. "Prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights protected in such prosecutions do not apply." Wolff, 418 U.S. at 556. Revocation of good-time credits is not comparable to a criminal conviction, as neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context. Hill, 472 U.S. at 456.

Petitioner fails to show that his constitutional rights were violated as to his placement in administrative segregation or his transfer to FCI-Edgefield.[7] He was placed in the SHU and a recommendation of a transfer was made based on his disciplinary conviction. As discussed above, Petition fails to show that his disciplinary conviction violated his due process rights. Further, a prisoner has no constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another. See Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983); Meacham v. Fano, 427 U.S. 215, 224-25 (1976). Prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. Hewitt v. Helms, 459 U.S. 460, 468 (1983)(no constitutional right under the Due Process Clause to a particular security classification or prison placement). In Sandin v. Conner, 515 U.S. 472 (1995), the United States Supreme Court held that a change in the condition of a prisoner's confinement that does not exceed the scope of the original sentence gives rise to a federally-protected liberty interest only if it "imposes atypical and significant hardship on the

---

[7] Alternatively, any claim concerning Petitioner's transfer or right to be housed in a particular prison should be dismissed because Petitioner has not exhausted his administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

The Bureau of Prisons ("BOP") has established an Administrative Remedy Procedure through which an inmate may seek a formal review of a complaint. Title 28 C.F.R. § 542.10 et seq. sets forth the guidelines for an inmate to follow to exhaust his administrative remedies within the BOP. Petitioner has not alleged that he exhausted these remedies. Respondent has provided copies of the Administrative Remedy Log for Petitioner which reflects that he has not filed any request for an administrative remedy concerning his transfer. Respondent's Ex. 7.

inmate in relation to the ordinary incidents of prison life." Id. at 483.  In Sandin, the Court concluded that the plaintiff's "segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 485. Under the analysis set forth in Sandin, Petitioner cannot show that he has a protected liberty interest in his security or custody classification.  Id. at 483-85; see Backey v. South Carolina Dep't. of Corrections, 73 F.3d 356, 1996 WL 1737 (4th Cir. Jan. 3, 1996) [Table](allegations of wrongful placement in administrative segregation do not involve the kind of significant or atypical hardship necessary to invoke due process rights); Joseph v. Gillespie, 73 F.3d 357, 1995 WL 756280 (4th Cir. December 21, 1995)[Table]("Administrative segregation is not an 'atypical and significant hardship' relative to the ordinary incidents of prison life that would give rise to a liberty interest protected by any procedure."); Reffritt v. Nixon, 917 F. Supp. 409, 412 (E.D.Va. 1996)(plaintiff has no protected interest in remaining in or being released into general population), aff'd, 121 F.3d 699 (4th Cir. 1997).

## CONCLUSION

Based on review of the record, it is recommended that Respondent's motion for summary judgment (Doc. 7) be granted and that the petition be dismissed.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

August 26, 2005
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
