IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| TEDDY LEON-AYALA, # 07202-069, | ) | C.A. No. 3:04-22888-TLW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JOHN J. LAMANNA, WARDEN, FCI EDGEFIELD, | ) | |
| | ) | |
| Respondent. | ) | |

In this *pro se* case, the petitioner, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In that petition, the petitioner alleges that the prison disciplinary proceedings afforded him, in relation to the charge of "mentally, emotionally, and physically torment[ing] inmates [he and other inmates] believed had cooperated with law enforcement," violated his constitutional rights. The respondent denies these allegations and has filed a motion for summary judgment. The petitioner opposes this motion.

This matter now comes before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Joseph R. McCrorey, to whom this case had previously been assigned. In his Report, Magistrate Judge McCrorey recommends that the respondent's motion for summary judgment be granted and that the instant petition be dismissed. As reasoned by the Magistrate Judge:

1

> Due process in prison discipline decisions is satisfied if there is "some" evidence to show that the inmate committed the offense. Hill, 472 U.S. at 455. The "some evidence" standard is a lenient one, requiring no more than a "modicum of evidence," and is met if there is any evidence in the record that could support the board's decision. Id. at 455-56...
>
> Petitioner has not shown that his due process rights were violated. He was given a written statement by the DHO which cited the evidence on which the DHO relied and the reasons for the conviction and disciplinary actions taken. Petitioner's disciplinary conviction is supported by "some evidence." The DHO relied on "some evidence" including the SIS investigation and his determination that Petitioner's statements revealed he was aware of "numerous facets of the investigation" and the methodology of the extortion ring.
>
> [As well,] [p]etitioner fails to show that his constitutional rights were violated as to his placement in administrative segregation or his transfer to FCI-Edgefield. He was placed in the SHU and a recommendation of a transfer was made based on his conviction...a prisoner has no constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another See Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983); Meacham v. Fano, 427 U.S. 215, 224-25 (1976).

The petitioner has filed objections to the Report.

In conducting its review of the Report and the objections filed thereto, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).  In light of this standard, the Court has reviewed, *de novo*, the Report and the objections thereto. The Court accepts the Report.

In sum, a *de novo* review of the record indicates that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is **ORDERED** that the respondent's motion for summary judgment is **GRANTED** and the instant case is **DISMISSED**.

**IT IS SO ORDERED.**

<u>s/ Terry L. Wooten</u>
Terry L. Wooten
United States District Court Judge

September 16, 2005
Florence, South Carolina

3